OPINION
{¶ 1} Defendants-appellants Jack Shinn and Marie Barber appeal from the October 7, 2002, Judgment Entry of the Licking County Court of Common Pleas granting plaintiff-appellee Campbell Hospitality, Inc. judgment against defendants-appellants in the amount of $140,000.00.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 1, 2000, appellant and appellee entered into a commercial property lease for the "exclusive use of rooms used as a restaurant in the building known as 29, 29-1/2 and 31 So. Third Street in the City of Newark, State of Ohio." Pursuant to the terms of the lease, appellee agreed to "use and occupy the premises as a restaurant and for no other purpose." Section 14 of the lease agreement stated, in relevant part, as follows:
 {¶ 3} "Damages to Building. If the building is damaged by fire or any other cause to such extent that the cost of restoration, as reasonably estimated by Lessor, will equal or exceed fifty percent (50%) of the replacement value of the building, exclusive of foundations, just prior to the occurrence of the damage, then Lessor may, no later than the 30th day following the damage, give Lessee a notice of election to terminate this lease. Or if the cost of restoration will equal or exceed fifty percent (50%) of such replacement value and if the premises shall not be reasonable [sic] usable for the purposes for which they are leased under this agreement, then Lessee may, no later than the 30th day following the damage, give Lessor a notice of election to terminate this lease. In event of either such election, this lease shall be deemed to terminate on the 30th day after the giving of such notice, and Lessee shall surrender possession of the premises within a reasonable time thereafter, and the rent, and any additional rent, shall be appropriated as of the date of the surrender and any rent paid for any period beyond such date shall be repaid to Lessee.
 {¶ 4} "If the cost of restoration as estimated by Lessor shall amount to less than fifty percent (50%) of the replacement valued [sic] of the building, or if, despite the cost, Lessor does not elect to terminate this lease, Lessor shall restore the building and the premises with reasonable promptness, subject to delays beyond Lessor's control and delays in the making of insurance adjustments between Lessor and the insurance carrier, and Lessee shall have no right to terminate this lease except as herein provided. Lessor need not restore fixtures and improvements owned by tenant."
 {¶ 5} Pursuant to Section 26 of the lease agreement, any notices were required to be in writing.
 {¶ 6} In February of 2000, a fire substantially damaged the subject premises, making it unfit for use as a restaurant. The lease was never terminated by either party. On April 10, 2001, appellee's counsel sent a letter to appellants notifying appellants that appellee had agreed to sell the restaurant business for $215,000.00 and that if appellants did not restore the building and premises "with reasonable promptness," as required under Section 14 above, appellee would probably lose the opportunity to close the sale.
 {¶ 7} Subsequently, appellee filed a complaint against appellants in the Licking County Court of Common Pleas. Appellee, in its complaint, alleged, in part, as follows:
 {¶ 8} "10. Defendants refused to restore the restaurant with reasonable promptness, as they had promised to do in section 14 of the lease.
 {¶ 9} "11. Defendants still refuse to restore the restaurant.
 {¶ 10} "12. Instead, the defendants have demolished the building on the leased premises.
 {¶ 11} "13. As a natural and probable consequence of defendants' refusal to restore the restaurant, plaintiff cannot operate its restaurant business or sell it as a going concern.
 {¶ 12} "14. When they executed the lease, the parties knew that plaintiff would be unable to operate its restaurant business, or sell it as a going concern, should the restaurant be damaged, made unfit for use as a restaurant, and not restored.
 {¶ 13} "15. Defendants' refusal to restore the restaurant with reasonable promptness, as they had promised to do in section 14 of the lease, had damaged plaintiff by more than $25,000."
 {¶ 14} Subsequently, a bench trial was held on July 25, 2002. Since appellants had stipulated that they had breached the lease by refusing to restore the building and premises after the fire, the only issue remaining for trial was the amount of appellee's damages, if any.
 {¶ 15} As memorialized in a Judgment Entry filed on October 7, 2002, the trial court granted appellee Campbell Hospitality, Inc. judgment against appellants in the amount of $140,000.00.
 {¶ 16} Appellants filed a Notice of Appeal. In lieu of a transcript, appellants prepared an App.R. 9(C) statement of evidence. Appellee filed its objections to appellants' proposed App.R. 9(C) statement and a separate proposed App.R. 9(C) statement of its own. Pursuant to a Judgment Entry filed on December 9, 2002, the trial court adopted the App.R. 9(C) statement prepared by appellee.
 {¶ 17} Appellants now raise the following assignments of error on appeal:
 {¶ 18} "I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE APPELLEE HAD LOST THE VALUE OF THE BUSINESS.
 {¶ 19} "II. THE VALUATION OF THE BUSINESS IS BASED UPON SPECULATIVE EVIDENCE.
 {¶ 20} "III. THE TRIAL COURT ERRED IN COMPUTING DAMAGES FOR THE BREACH OF CONTRACT."
 I, II, III {¶ 21} Appellants, in their three assignments of error, challenge the trial court's award of damages to appellee in the amount of $140,000.00. Appellants specifically contend that the trial court erred in concluding that appellee had lost the value of the business, that the valuation of the business was based on speculative evidence, and that the trial court erred in computing damages for appellants' breach of contract. We disagree.
 {¶ 22} At issue in this case is whether the trial court erred in awarding appellant $140,000.00 in damages for appellants' breach of contract. Damages for breach of contract "are those which are the natural or probable consequence of the breach of contract or damages resulting from the breach that were within the contemplation of both parties at the time of making of the contract." The Toledo Group, Inc. v. Benton Indus. (1993), 87 Ohio App.3d 798, 806, 623 N.E.2d 205, 210-211. Damages for breach of contract must be proven with reasonable certainty. TextronFin. Corp. v. Nationwide Mut. (1996), 115 Ohio App.3d 137, 144,684 N.E.2d 1261.
 {¶ 23} An appellate court reviews a lower court's decision in regards to damage calculations under the competent, credible evidence standard. Crabtree v. Metalworks Hydra-Assembly, Inc., Franklin App. No. 02AP-450, 2003-Ohio-13, citing C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson,66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742.
 {¶ 24} Appellants, in their first assignment of error, argue that the trial court erred in concluding that appellee had lost the value of the entire business due to appellants' breach of the contract. At the trial in this matter, evidence was adduced that appellee had entered into an agreement to sell the business to Rhonda and Mark Di Novo for $215,000.00. After the fire, appellee received a total of $75,000.00 from its insurance company for the tangible assets. Appellee's expert subtracted such figure from $215,000.00 and concluded that appellee's loss amounted to $140,000.00. While appellants argue that, as a result of the fire, appellee did not lose any intangible assets (i.e. goodwill, licenses, etc.), we concur with appellee that such argument contradicts the testimony of William Weidaw, appellee's expert's, that, as a result of appellant's failure to rebuild after the fire, appellee lost the value of its restaurant business at the leased premises, which was $215,000.00. The intangibles were part and parcel of the business. As noted by appellee, "[t]he intangible value of a restaurant business cannot exist without restaurants."
 {¶ 25} Appellants, in their second assignment of error, further contend that the valuation of the business was based on speculative evidence. We disagree.
 {¶ 26} "Fair market value" is generally defined as "that price which would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the open market." Wray v. Stvartak (1997),121 Ohio App.3d 462, 471, 700 N.E.2d 347. At the trial in this matter, Jason Campbell, appellee's President, testified that appellee had entered into an agreement to sell the restaurant business to Mark and Rhonda Di Novo for $215,000.00. Both of the Di Novos testified that they had agreed to purchase the business for such price and that they "still would have been willing to buy the restaurant for $215,000 after the fire, had the premises been restored and the contents replaced, if the income had been the same as it was before the fire." Based on the above agreement, William Weidaw, appellee's expert who is a CPA, determined that the fair market value of the restaurant business at the leased premises was $215,000.00 before the fire since such an agreement on price was the "best evidence" of the business' fair market value. Weidaw's testimony was admitted without objection. Moreover, appellants presented no evidence of their own regarding the amount of damages. Based on the foregoing, we find that the trial court's finding that the fair market value of the business was $215,000.00 was not speculative, but rather was based on competent credible evidence. The fact that the sale to the Di Novos was never completed is, as the trial court noted, "inconsequential to the determination of fair market value."
 {¶ 27} In their third and final assignment of error, appellants contend that the trial court erred in computing damages for the breach of contract. Appellants argue, in part, that the award of damages was excessive since "appellee retained all the good will, licenses, and right to perform that it would have sacrificed had the business been sold."
 {¶ 28} As is stated above, William Weidaw, appellee's expert, testified that the fair market value of the restaurant at the leased premises immediately before the fire was $215,000.00. This figure represented the fair market value of the entire business, which included the goodwill and other intangibles that were part of the same. According to Weidaw, whose testimony was unrebutted, appellee suffered a loss of $140,000.00 (the fair market value of $215,000.00 less the $75,000.00 in insurance proceeds for the tangible assets) as a result of appellants' breach. As noted by appellee in its brief, "but for the breach, Campbell Hospitality [appellee] would have more in assets than it has today." If appellants had fulfilled the terms of the lease by rebuilding, appellee would have had $140,000.00 more in value than it had subsequent to appellants' breach. We find, therefore, that the trial court's award of $140,000.00 in damages was proper and not excessive.
 {¶ 29} In short, we find, that competent, credible evidence supports the trial court's award of $140,000.00 in damages to appellee. Appellants' three assignments of error are, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
By: Edwards, J., Hoffman, P.J., and Boggins, J. concur.